UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION<br><br>v.<br><br>UDUAKOBONG UDO INYANGUDO, ET AL.<br><br>      Defendants | No. 21-cv-11615-RGS |

**MOTION OF THE UNITED STATES DEPARTMENT OF JUSTICE
FOR LEAVE TO INTERVENE AND FOR A PARTIAL STAY OF DISCOVERY
AND MEMORANDUM IN SUPPORT**

The United States Department of Justice ( the "government") respectfully moves to intervene in this action for the limited purpose of moving to stay discovery (only) pending resolution of a federal criminal case that addresses the same alleged misconduct.

The Plaintiff Commodity Futures Trading Commission ("CFTC"), through counsel, assents to this motion. Defendants Uduakobong Udo Inyangudo, Vanessa B. Okocha, and Victor O. Edeh have not been served and are not currently represented in this matter. Tochukwu Edeh has been served with the complaint, but is pro se in this case. At the same time, Tochukwu Edeh is represented in the federal criminal case. Through his counsel in the criminal case, Tochukwu Edeh indicated that he does not oppose this motion. Defendants Okundaye and Ochi, through their respective counsel, also indicated no opposition. Defendant Okeh, through counsel, took no position. Defendant Daniell Liggins has been served and is currently pro se.

The government and the CFTC have been investigating the defendants in connection with online investment fraud schemes conducted by co-conspirators in Nigeria and the United States. On August 31, 2021, the government charged Tochukwu Edeh, Okundaye, and another co-

conspirator by complaint with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). On September 30, 2021, a grand jury indicted Tochukwu Edeh on charges of money laundering conspiracy and conspiracy to operate an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 1956(h) and 371, respectively. The indictment included several unindicted co-conspirators. Also on September 30, 2021, the CFTC filed this action, naming Tochukwu Edeh, Okundaye, and others as defendants.

The criminal charges against Tochukwu Edeh and Okundaye and the CFTC's complaint rely on the same operative facts. The other defendants in the CFTC action are at minimum witnesses in the criminal case. Accordingly, a stay of discovery between the parties in the civil proceedings (but not unrelated motion practice) is justified for several reasons.

*First*, without a stay, Tochukwu Edeh and Okundaye—charged in both actions—could use the civil discovery process in a manner that impairs proper administration of the criminal case. This is not a theoretical concern: for example, depositions and interrogatories targeting the key witnesses in both matters would nullify the Jencks Act and most other criminal rules; broadly disclose the essentials of the government's trial case at an early stage, thus allowing the defense to tailor factual and legal defenses to fit the anticipated proof; and potentially intimidate the civilian victim-witnesses. As discussed further below, courts in this and other districts have recognized that the disparities between civil and criminal discovery justify staying civil proceedings. *See, e.g., SEC v. Telexfree, Inc.*, 52 F. Supp. 3d 349, 352 (D. Mass. 2014) (Gorton, J.) (ordering that discovery be stayed in an insider-trading enforcement action pending the outcome of parallel criminal cases and noting that "staying the civil proceedings would prevent the criminal defendants from exploiting liberal civil discovery rules to obtain evidence to support their criminal defenses"); *Gov. of Fed. Reserve v. Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y.

1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery."); *United States v. Mellon Bank, N. A.*, 545 F.2d 869, 872-873 (3d Cir. 1976) (affirming stay, noting that "the similarity of the issues left open the possibility that [target] might improperly exploit civil discovery for the advancement of his criminal case").

*Second*, a stay of discovery would create genuine efficiencies. The criminal case may be resolved, at least in part, before this case, and any resolution of that case will dramatically impact the result here. For example, a conviction in the criminal case could have an estoppel effect as to the civil liability of Tochukwu Edeh and Okundaye. *See, e.g., Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568-69 (1951) ("It is well established that a prior criminal conviction may work an estoppel in favor of the government in a subsequent civil proceeding."). At a minimum, hashing out the criminal case before this one will greatly simplify the issues to be resolved here, even if any civil discovery ultimately occurs.[1]

*Third*, and on a related note, giving precedence to the criminal case, far from prejudicing the defendants, will save litigation costs.

For all these reasons, a stay of discovery is in the public interest, is the more efficient use of judicial and litigant resources, and will not prejudice Tochukwu Edeh or Okundaye.

---

[1] *See, e.g., In re Grand Jury Proceedings (Williams)*, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993) ("Although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues."); *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir. 1967) (affirming stay of civil action in part because "the trial of the criminal case [might] reduce the scope of discovery in the civil action [and] . . . might also simplify the issues"); *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) ("[T]he resolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues.").

**BACKGROUND**

As set forth in the Indictment against Tochukwu Edeh and the Complaint against Okundaye, the two are charged with crimes involving transmitting the proceeds of fraud schemes. During the relevant period, Tochukwu Edeh operated a used car business and an unlicensed and unregistered money transmitting business, in violation of 18 U.S.C. § 1960. Okundaye was an "exchanger" who conducted transactions in her own bank accounts for Tochukwu Edeh. One of the fraud schemes for which Tochukwu Edeh and Okundaye moved money was called PrimeFx, which purported to offer small investors the opportunity to profit from foreign exchange and cryptocurrency arbitrage as well as from binary options trading.

As alleged in the CFTC complaint, Tochukwu Edeh, Okundaye, and the other defendants were part of the PrimeFx scheme.

**ARGUMENT**

**I.     THE COURT SHOULD ALLOW THE GOVERNMENT TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING FOR A STAY.**

Under Rule 24(a) (2) of the Federal Rules of Civil Procedure, anyone may intervene as of right when the applicant "claims an interest relating to the property or transaction which is the subject of the action" and the applicant is so situated that "disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest . . . ." A party seeking intervention of right under Rule 24(a)(2) must demonstrate, first, that it has a direct and substantial interest in the subject matter of the litigation; second, that its ability to protect the interest may be impaired if it is not allowed to intervene; and third, that its interest will not be adequately represented by an existing party. *Int'l Paper Co. v. Inhabitants of Jay, Maine,* 887 F.2d 338, 342 (1st Cir. 1989) (citing *Keith v. Daley,* 764 F.2d 1265, 1268 (7th Cir. 1984)).

As noted, the government (the Department of Justice, through the United States Attorney's Office for the District of Massachusetts), has a direct and substantial interest in the subject matter of this litigation, which is the same subject matter as that underlying the government's prosecutions in *United States v. Edeh*, No. 21-cr-10293-RGS, and *United States v. Okundaye*, No. 21-mj-07236-JCB.  Specifically, the government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter."  *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) (denying appeal of district court order that allowed intervention and stayed SEC enforcement action in favor of criminal case).  Without intervention the government cannot protect its interest in the criminal prosecution, because it cannot weigh in on whether civil discovery should proceed.  No current party to the civil action is in a position to do so either.

The Court can also permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common."  Fed. R. Civ. P. 24(b)(2).  To intervene under this section, the government must establish that there is a common question, an independent ground for jurisdiction, and a timely motion.  If these conditions are met, the district court has the discretion to allow intervention and should consider whether intervention will unduly delay or prejudice adjudicating the civil case and whether the interests of the intervener are already adequately represented by the existing parties.  *See id.; see also, e.g., In re Acushnet River & New Bedford Harbor Proceedings*, 712 F. Supp. 2d 1019, 1023 (D. Mass. 1989) (discussing standard); *Bureerong v. Uvawas*, 167 F.R.D. 83, 85-86 (C.D. Cal. 1996) (permitting government to intervene under Rule 24(b)(2) and staying civil discovery.  Here, because civil discovery may, as a practical matter, impair the government's ability to protect its interests in the

enforcement of federal criminal law, the government respectfully seeks leave to intervene for the purpose of arguing for a stay.

## II. THE COURT SHOULD TEMPORARILY STAY DISCOVERY TO PROTECT THE INTEGRITY OF THE CRIMINAL ACTION

It is "clearly within the power of the district court to balance 'competing interests' and decide that judicial economy would best be served by a stay of civil proceedings." *Mellon Bank*, 545 F.2d at 872-873 (affirming stay); *see also Microfinancial, Inc. v. Premier Holidays Intl., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic" that federal courts have the inherent power to stay civil proceedings in deference to criminal matters).

Courts generally consider certain factors when deciding whether to stay a civil case pending resolution of a criminal matter, including (a) the extent to which the civil and criminal cases overlap; (b) the public interest; (c) any potential prejudice to the civil parties if that matter is stayed; (d) the court's interest in managing dockets and resources; and (e) the current status of the criminal case.[2] In *Microfinancial*, a case in which the district court denied defendants' motion to stay a civil trial because of a rumored grand jury investigation, the First Circuit articulated the relevant factors similarly, though some were specific to the facts of that case: whether delay would prejudice the civil litigants; potential prejudice to the party that is the defendant in both the civil and criminal matters (defendant had moved for the stay); impact on judicial resources; interests of any third parties; the public interest; the status of the two matters; and whether the litigants are acting in good faith. *See* 385 F.3d at 78.

---

[2] *See, e.g., Keating v. Office of Thrift Superv.*, 45 F.3d 322, 324–25 (9th Cir. 1995); *TelexFree, Inc.*, 2014 WL 5151281, at *2; *Chao v. Fleming*, 498 F.Supp.2d 1034, 1041 (W.D. Mich. 2007); *In re Adelphia Comm. Sec. Litig.*, 2003 WL 22358819, *7 (E.D. Pa. May 13, 2003); *U.S. Sec. & Exch. Comm. v. HealthSouth Corp.*, 261 F.Supp.2d 1298, 1326 (N.D. Ala. 2003); *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 74 (W.D.N.Y. 2003); *Walsh Sec. v. Cristo Prop. Mgt.*, 7 F.Supp.2d 523, 526-27 (D.N.J. 1998).

### A. This Action Should be Stayed Due to Near Total Overlap of Facts.

"[T]he most important factor [in ruling on a motion to stay civil proceedings because of a pending criminal case] is the degree to which the civil issues overlap with the criminal issues." *SEC v. Nicholas*, 569 F.Supp.2d 1065, 1070 (C.D. Cal. 2008) (allowing DOJ intervention and staying SEC action pending resolution of criminal case; citations omitted); *see also, e.g.*, *Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F.Supp.2d 523, 527 (D.N.J. 1998) (making same point); *In re Adelphia Comm. Sec. Litig.*, 2003 WL 22358819, *6-7 (E.D. Pa. May 13, 2003) (same; citing risk of inconsistent judgments in civil and criminal proceedings with overlapping facts).

As noted above, the two actions here are substantively identical: both are largely predicated on the allegation that PrimeFx was a fraud scheme for which Tochukwu Edeh, Okundaye, and their co-conspirators laundered money. Accordingly, the two cases will necessarily rely on the same key witnesses and documentary evidence.

### B. This Action Should Be Stayed Because the Public Interest Weighs in Favor of Unimpeded Resolution of the Criminal Case.

Dozens of courts have recognized that the interests of justice weigh in favor of staying parallel civil proceedings because of the various ways those proceedings can impede the criminal case. "Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter." *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966).

For example, this principle has been followed repeatedly in securities cases where criminal and SEC enforcement actions were pending at the same time. *See, e.g.*, *SEC v. Purchasers of Secs. In Global Industr., Inc.,* 2012 WL 5505738, *3-6 (S.D.N.Y. Nov. 9, 2012) (same); *SEC v. Gordon*, 2009 WL 2252119, *3-6 (N.D. Okl. July 28, 2009) (same); *SEC v. Ott*,

7

2006 U.S. Dist. Lexis 86541, *6-10 (D.N.J. Nov. 29, 2006) (same, though apparently unopposed); *Nicholas*, 569 F.Supp.2d at 1070 (same); *SEC v. Beacon Hill Asset Management LLC*, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (same); *In re Worldcom, Inc., Sec. Litig.*, 2002 WL 31729501, *3-10 (S.D.N.Y. Dec. 5, 2002) (same); *SEC v. Downe*, 1993 WL 22126, *12-14 (S.D.N.Y. Jan. 26, 1993) (same). And—as several of these courts have noted—a substantial overlap of facts and evidence makes the public's interest in a stay even stronger.

The reasons for the long-standing policy against allowing civil discovery when an overlapping criminal matter is open stem directly from the procedural differences between civil and criminal proceedings. As the Fifth Circuit explained in *Campbell v. Eastland*, an often-cited case in this area,

> The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. <u>Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities</u>.

307 F.2d 478, 487 (5th Cir. 1962) (emphasis added). As *Campbell* shows, for at least 50 years courts have recognized that priority should be given to the "public interest in law enforcement." *Id.*; *United States v. Hugo Key & Son, Inc.*, 672 F. Supp. 656, 685 (D.R.I. 1987) (citing "public interest" in law enforcement); *In re Ivan F. Boesky Securities Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the *public interest* in the criminal case is entitled to precedence over the civil litigant" (emphasis in original)).

Here, the public interest weighs in favor of staying discovery. The criminal cases against Tochukwu Edeh and Okundaye will operate under a specific set of discovery and procedural rules honed over decades and centuries to balance state and personal interests. But that balance is upended, and thus the public's and potential victims' rights impacted, if the defendant is able

to use civil discovery to evade the criminal rules. *See, e.g., Beacon Hill Asset Management LLC*, 2003 WL 554618 at *1 (granting stay; "the principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases"). Or, as one court has articulated it,

> It is well established that a litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit to avoid the restrictions on criminal discovery and, thereby, obtain documents [and testimony] he might otherwise not be entitled to for use in his criminal suit.

*Founding Church of Scientology v. Kelley*, 77 F.R.D. 378, 380 (D.D.C. 1977) (citations omitted); *see also Pharaon*, 140 F.R.D. at 639 ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery.").[3]

Other courts have even deemed it "abusive" to use civil discovery to circumvent criminal discovery rules. *See, e.g., United States v. Phillips*, 580 F. Supp. 517, 520 (N.D. Ill. 1984) ("This abusive tactic is an improper circumvention of the restrictions of the criminal discovery rules. Protection of the integrity of the criminal justice process fully justifies this Court's taking remedial action." (granting stay)); *Beacon Hill Asset Management LLC*, 2003 WL 554618 at *1

---

[3] *See also, e.g., United States v. Mellon Bank, N. A.*, 545 F.2d 869, 872-873 (3d Cir. 1976) (affirming stay; noting that "the similarity of the issues [in the civil and criminal matters] left open the possibility that [the target] might improperly exploit civil discovery for the advancement of his criminal case"); *In re Eisenberg*, 654 F.2d 1107, 1113-14 (5th Cir. 1981) (observing that allowing civil discovery to proceed would make litigant "the beneficiary of materials otherwise unavailable under the criminal rules . . . thus nullifying in effect the criminal discovery limitations"); *Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527 (S.D. W. Va. 2005) (United States had discernable interest in intervening to prevent civil discovery from being used to circumvent scope of discovery in criminal matter); *Ott*, 2006 U.S. Dist. LEXIS 86541, at *3-10 (same); *United States v. GAF Financial Servs.*, 335 F. Supp. 2d 1371, 1373 (S.D. Fla. 2004) (civil forfeiture stayed pursuant to 18 U.S.C. § 981(g)); *Downe*, 1993 WL 22126, at *12–14 (staying securities action); *In re Ivan F. Boesky Secs. Litig.*, 128 F.R.D. at 49-50 (same); *Hugo Key & Son,* 672 F. Supp. at 657-59 (staying civil action in favor of environmental criminal investigation); *Founding Church of Scientology,* 77 F.R.D. at 380-81 (blocking interrogatories in favor of ongoing grand jury investigation); *U.S. Sec. & Exch. Comm. v. Control Metals Corp.*, 57 F.R.D. 56, 57-58 (S.D.N.Y. 1972) (staying depositions of four grand jury witnesses).

("principal concern" in allowing civil discovery "is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases" (granting stay)).

A quick survey of criminal discovery procedures shows how parallel civil discovery effectively nullifies the criminal rules. For example, the Jencks Act provides that in criminal cases the statements of a government witness – such as grand jury testimony or testimony taken by the SEC – cannot be the subject of subpoenas, discovery, or inspection until that witness has testified on direct examination. Rule 16 then specifically carves out Jencks material, warning that the rule does not "authorize the discovery . . . of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500 [the Jencks Act]." Fed. R. Crim. P. 16 (a)(2). The public policy favoring the Jencks Act is so strong that – beyond the statute and the federal rules – it is legal error for a trial court to order the government to disclose Jencks material before the statute requires.[4]

### C. Because the Civil and Criminal Cases are Based on the Same Facts, and the Civil Case has Multiple Parties, any Stay of Discovery Should Cover All Discovery, Instead of Proceeding by Category or Request by Request

In the context of motions to stay civil proceedings, courts sometimes seek to avoid a "blanket" stay of discovery, favoring a more specific approach. *See, e.g., Beacon Hill Asset Management LLC*, 2003 WL 554618 at *2 (granting stay of Rule 26(a)(i)(A) discovery and of discovery pertaining to "any person the U.S. Attorney's Office certifies may be called as a witness in the criminal case"); *SEC v. Doody*, 186 F.Supp.2d 379, 382 (S.D.N.Y. 2002) (same).

Here, however, due to the near-total overlap of facts and evidence in the civil and criminal cases, the government respectfully suggests that a complete stay is simpler, more

---

[4] *See, e.g., In re United States,* 834 F.2d 283, 287 (2d Cir. 1987) (district courts lack power to order early *Jencks* disclosure); *United States v. Taylor*, 802 F.2d 1108, 1117-18 (9th Cir. 1986) (same); *United States v. Ordaz-Gallardo*, 520 F. Supp. 2d 516, 524 (S.D.N.Y. 2007) ("District courts lack the authority to compel early disclosure of Jencks Act material.").

efficient, and thus more beneficial for the litigants and the Court. Any discovery here would implicate the government's interests in the criminal matter.

Proceeding with discovery in some categories but not others or, alternatively, ruling on a stay each time a specific deposition notice, set of interrogatories or document request is served, would inevitably result in piecemeal litigation. Reviewing disputes about whether discovery falls within a barred category, or whether a specific discovery request should be subject to a stay under current law, would unnecessarily waste judicial resources.

> D. **Neither Defendant Will Be Prejudiced by a Stay, Further Tilting the Balance of Interests in Favor of One, and the Judicial Efficiencies are Clear.**

A stay is warranted for the public policy reasons summarized above. But, in addition, a stay would not prejudice the defendants. Indeed, a stay would allow the civil defendants to avoid substantial costs while the criminal case proceeds. As noted above, Okundaye *assents* to a stay. Moreover, resolution of the criminal case would dramatically expedite resolution of this civil case. Finally, a stay of discovery alone will not prevent any defendant from pursuing a dispositive motion or other similar relief.

The interest in judicial efficiency equally supports a stay. As Judge Cote noted in the *Worldcom* securities litigation,

> The Court shares with all parties an interest in the efficient resolution of the instant actions. Nonetheless, a concern for judicial efficiency does not necessarily militate against the granting of a stay. . . . <u>The conviction of a civil defendant as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges</u>. *See Rosenthal v. Giuliani,* 2001 WL 121944, *2 (S.D.N.Y. Feb. 9, 2001) ("[A] stay in the action will streamline later civil discovery since transcripts from the criminal case will be available to the civil parties.").

*In re Worldcom*, 2002 WL 31729501 at *8 (emphasis added; citations omitted) (finding stay "particularly compelling" in light of factual overlap and U.S. Attorney's Office's request); *see*

11

*also TelexFree, Inc.*, 2014 WL 5151281, at *3 (reasoning that "[a] stay would also conserve judicial resources"). A stay would allow not just the litigants, but also the Court, to avoid needless work, without prejudice to any defendant or to the overall public interest being served.

## CONCLUSION

For the foregoing reasons, the government respectfully moves for permission to intervene in this case, and for a stay of discovery pending resolution of the parallel criminal proceedings.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: /s/Kriss Basil
Kriss Basil
Assistant United States Attorney
617/748-3387


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

By: /s/Kriss Basil
Kriss Basil
Assistant United States Attorney