UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-11615-RGS

COMMODITY FUTURES TRADING COMMISSION

v.

CHARLES A. OCHI

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AGAINST CHARLES OCHI

March 19, 2025

STEARNS, D.J.

The Commodity Futures Trading Commission (CFTC) brought this enforcement action on September 30, 2021, against Charles Ochi and others, asserting that "acting through, or in conjunction with, the web-based entity primefx.org a/k/a Prime FX Managed System a/k/a PrimeFX Managed System Ltd. a/k/a Global Prime a/k/a Global Prime FX ('Prime FX'), [Ochi and his codefendants] fraudulently solicited and misappropriated funds from U.S. and international customers, as part of a coordinated scheme, for purported trading in foreign currency Forex and Bitcoin." Compl. (Dkt. #1) ¶ 1.

## BACKGROUND

On September 27, 2022, Ochi was indicted by a grand jury in this district on charges of money laundering conspiracy, 18 U.S.C. § 1956(h), conspiracy to conduct an unlicensed money transmitting business, 18 U.S.C. § 371, and conducting an unlicensed money transmitting business, 18 U.S.C. § 1960. *See United States v. Ochi*, No. 22-cr-10255, D. Mass. Dkt. #36. On April 12, 2023, Ochi pled guilty to all three charges. *United States v. Ochi*, No. 22-cr-10255, D. Mass. Dkt. # 111 at 2:24-3:25, (Dec. 20, 2023 Plea Hr'g Tr.). On June 13, 2023, the court sentenced Ochi to a 60-month term of imprisonment. *United States v. Ochi*, No. 22-cr-10255, D. Mass. Dkt. # 112 at 109:18-25 (Dec. 20, 2023 Sentencing Hr'g Tr.).

On December 20, 2024, the CFTC moved for summary judgment on its civil claims against Ochi – (1) violation of 7 U.S.C. §§ 6b and 9(1), which prohibit fraudulent or deceptive conduct "in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery"; and (2) violation of 17 C.F.R. §§ 180.1(a)(1)-(3), which prohibit certain fraudulent or deceptive conduct "in connection with . . . a contract of sale of any commodity in interstate commerce." *See* Dkt. # 88; Dkt. # 89. Ochi opposed the motion, claiming that the CFTC had failed to establish that he had "the requisite necessary intent to defraud" and that he "knowingly or

purposely assumed the role of a Prime FX agent or representative in order to defraud." Dkt. # 95 at 7.

## DISCUSSION

Summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To succeed, the moving party must show that there is an absence of evidence to support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990). "'[T]he mere existence of a scintilla of evidence' is insufficient to defeat a properly supported motion for summary judgment." *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 18 (1st Cir. 2000), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

While being deposed by the CFTC, Ochi elected to exercise his Fifth Amendment privilege against self-incrimination and refused to answer questions regarding his role in the Prime FX scheme and his use of the funds that Prime FX customers wired to his bank account. The CFTC asks the court to draw an adverse inference against Ochi based on his invocation of the privilege. *See* Dkt. # 89 at 6.

The Fifth Amendment privilege against self-incrimination "applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it." *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924). The privilege "not only extends to answers that would in themselves support a conviction under a . . . criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a . . . crime." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). In a civil action, unlike in a criminal proceeding, an adverse inference may be drawn from the refusal of a party to testify for fear of possible self-incrimination. *See Mitchell v. United States*, 526 U.S. 314, 328 (1999); *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *Serafino v. Hasbro, Inc.*, 82 F.3d 515, 518 (1st Cir. 1996).

Ochi correctly notes that "[e]ven when permitted at the summary judgment stage, an adverse inference, standing alone, is not sufficiently conclusive evidence to satisfy a moving party's burden on summary judgment." *Unum Grp. v. Benefit P'ship, Inc.,* 938 F. Supp. 2d 177, 184 (D. Mass. 2013). But, as the CFTC properly notes, when considered in the context of Ochi's guilty plea, the inference does not "stand alone." *See* Dkt. # 89 at 5.

4

At Ochi's plea hearing in his criminal case, the prosecution summarized the evidence it would present had Ochi's case proceeded to trial. *See United States v. Ochi*, No. 22-cr-10255, D. Mass. Dkt. # 111 (Dec. 20, 2023 Plea Hr'g Tr.). The recital included that Ochi "knew that the money [he and a co-conspirator] were moving came from fraud," *id.* at 18:1-2; that Ochi "took a cut of the money that [he] received as a fee," *id.* at 18:8-9; that the money "came from the victims of online investment fraud schemes, including PrimeFX," *id.* at 18:10-12; that "[t]he perpetrators of each of these schemes told victims that their money would be invested into things like options or cryptocurrencies," *id.* at 18:14-16; and that Ochi's role was to "get victim money and to transfer it to the fraudsters," *id.* at 18:20-21. Ochi responded affirmatively to the court's summary question whether it was true that "in essence" the government "could prove that you had agreed with [the co-conspirator] and others to conceal and transmit illicit funds through a money transmitting company for which you were not licensed to manage or perform." *Id.* at 26:11-17. In this context, the drawing of an adverse inference against Ochi is justified.

The fraud-related elements of the CFTC's three civil claims under 7 U.S.C. § 6b, 7 U.S.C. § 9(1), and 17 C.F.R. §§ 180.1 (a)(1)-(3) parallel those of the criminal case. To establish liability, the CFTC must prove: (1) a

5

misrepresentation, misleading statement, or deceptive omission; (2) materiality; and (3) scienter. *See Commodity Futures Trading Comm'n v. JBW Cap.*, 812 F.3d 98, 107 (1st Cir. 2016); *Commodity Futures Trading Comm'n v. S. Tr. Metals, Inc.*, 894 F.3d 1313, 1325 (11th Cir. 2018). Ochi contests only the third element of scienter – arguing that the CFTC has failed to show that he "had the requisite necessary intent to defraud" and that he "knowingly or purposely assumed the role of a Prime FX agent or a representative in order to defraud." Dkt. # 95 at 7. Ochi does not, however, cite to any affidavits, depositions, or other documentation in support of these conclusions – he relies solely on the denials and affirmative defenses raised in his Answer to the Complaint (Dkt. # 14). *See* Dkt. # 95 at 7; Dkt. # 96 at 5. This is insufficient to defeat a properly supported motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 256 (1986) (holding that a party opposing summary judgment "may not rest upon [the] mere allegation[s] or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.")[1] Consequently, the CFTC's motion for summary judgment will be allowed.

---

[1] Moreover, contrary to Ochi's assertion otherwise, the requisite intent to defraud is not "knowingly or purposefully," Dkt. # 95 at 7 – it is knowingly or recklessly. *See JBW Cap.*, 812 F.3d at 107 (holding that liability under 7 U.S.C. § 6b can be found based on recklessness); *S. Tr. Metals, Inc.*, 894 F.3d at 1326-1327 (applying recklessness standard for claims brought under 7

**Requested Relief**

The CFTC seeks an entry of a permanent injunction against Ochi prohibiting him from engaging in any activity related to trading in commodity futures, commodity options, options on commodity futures, security futures products, swaps and/or Forex contracts, as well as a permanent ban on applying for or seeking registration with the CFTC or acting in any capacity requiring registration. *See* Dkt. # 89 at 15. It also seeks restitution, disgorgement, and civil monetary penalties to prevent Ochi from further violations of the Act and Regulations. *See* Dkt. # 89 at 14.

Pursuant to 7 U.S.C. § 13a-1, the CFTC may "bring an action in the proper district court of the United States" and may seek to enjoin "any act or practice constituting a violation of any provision [of the CEA] or any rule, regulation, or order thereunder." 7 U.S.C. § 13a-1(a). The injunctive relief CFTC seeks is appropriate, given Ochi's fraudulent conduct and violations, which occurred over several months and involved multiple customers and acts of misappropriation. Unless restrained and enjoined by this court, there

---

U.S.C. §§ 6b and 9, and 17 C.F.R. § 180.1(a)). Recklessness is conduct "that departs so far from the standards of ordinary care that it is very difficult to believe the [defendant] was not aware of what he was doing." *JBW Cap.*, 812 F.3d at 107, quoting *First Commodity Corp. of Bos. v. CFTC*, 676 F.2d 1, 6 (1st Cir. 1982).

is a reasonable likelihood that Ochi will in the future engage in similar unlawful acts and practices.

The court's jurisdiction under 7 U.S.C. § 13a-1 includes the additional equitable remedies of restitution and disgorgement. *See e.g., CFTC v. Wilshire Inv. Mgmt. Corp.,* 531 F.3d 1339, 1344 (11th Cir. 2008) (collecting cases). Restitution extends to the total losses suffered by the victims, while disgorgement is limited to "the amount with interest by which the defendant profited from his wrongdoing." *JBW Capital*, 812 F.3d at 111, quoting *SEC v. MacDonald,* 699 F.2d 47, 54 (1st Cir. 1983) (*en banc*).

During the relevant time alleged in the Complaint, Ochi received $24,945 from Prime FX customers and $3,000 from individuals believed to be Prime FX agents. Mucha Decl. (Dkt. # 89-1) ¶ 18. Consequently, Ochi will pay restitution in the amount of $27,945 to these victims of the Prime FX fraud.

Pursuant to 7 U.S.C. § 13a-1(d)(1), a court also may impose civil monetary penalties in an amount not greater than triple a defendant's monetary gain or $100,000 (adjusted for inflation pursuant to 17 C.F.R. §§ 143.8(a), (b)(1)), for each violation of the Act and Regulations. The imposed penalties are to be in an amount that is appropriate to the gravity of the offense and as is necessary for deterrence. "Civil monetary penalties are also

8

exemplary; they remind both the recipient of the penalty and other persons subject to the Act that noncompliance carries a cost." *In re GNP Commodities, Inc.,* Comm. Fut. L. Rep. ¶ 25,360 at 39,222, 1992 WL 201158, at *23 (CFTC Aug. 11, 1992). The court finds that a civil monetary penalty in the amount of $83,835, an amount treble of Ochi's illicit monetary gain, is warranted under the circumstances of the case.

## ORDER

In conclusion, the CFTC's motion for summary judgment is ALLOWED. The CFTC will have twenty-one (21) days from the date of today's Order to submit a proposed form of final judgment consistent with the court's rulings.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE