UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, ) ) ) ) Plaintiff, ) ) vs. ) ) Uduakobong Udo Inyangudo a/k/a Alexander Uti ) Bassey, Vanessa B. Okocha, Amen M. Okundaye, ) Charles A. Ochi, Diego I. Okeh, Daniell N. ) Liggins, Victor O. Edeh, and Tochukwu Edeh, ) ) Defendants. ) ) | Case No. 1:21-cv-11615 ECF Case |

### [PROPOSED] FORM OF FINAL JUDGMENT SUBMITTED BY CHARLES OCHI

In an Order dated March 19, 2025 ("Order"), the Court granted plaintiff Commodity Futures Trading Commission's (the "Commission") Motion for Summary Judgment against Defendant Charles A. Ochi ("Ochi") and directed the Commission to submit a proposed form of final judgment consistent with the Court's rulings. In accordance with the Order, the Court now directs the Clerk of Court to enter final judgment (the "Judgment") on all claims against Ochi as follows:

### I.  JUDGMENT

1. IT IS ORDERED AND ADJUDGED that judgment is hereby entered for the Commission against Ochi on all Counts alleged in the Complaint, ECF No. 1.

### II.  TEMPORARY INJUNCTION

2. IT IS FURTHR ORDERED AND ADJUDGED that Ochi, for a period of three (3) years beginning from the time of his release from incarceration, be temporarily restrained, enjoined, and prohibited from directly or indirectly:

    a. Cheating or defrauding, or attempting or cheat or defraud, or willfully deceiving or attempting to deceive, other persons in or in connection with any order to

1

    make, or the making of, any contract of sale of any commodity for future delivery that is made, or to be made, for or on behalf of, or with, any other person in violation of 7 U.S.C. § 6b(a)(2)(a), (c);

b. Making or attempting to make untrue or misleading statements of material fact or omitting to state or attempting to omit material facts necessary in order to make statements made not untrue or misleading, in connection with contracts of sale of commodities in interstate commerce, in violation of 7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a)(1), (3) (2024).

c. Trading on or subject to the rules of any registered entity (as hat term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40));

d. Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2024)) or digital asset commodities, including Bitcoin, for Ochi's own personal account or for any account in which Ochi has a direct or indirect interest;

e. Having any commodity interests or digital asset commodities, including Bitcoin, traded on Ochi's behalf;

f. Controlling or directing the trade for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests or digital asset commodities, including Bitcoin;

g. Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests or digital asset commodities, including Bitcoin;

h. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014); and/or,

i. Acting as a principal (as the term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2024)), agent or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38)), registered, exempted from registration or required to be registered with the Commission except as provided for in 17 C.F.R. § 4.14(a)(9).

### III.    RESTITUTION AND CIVIL MONETARY PENALTY

**A. Restitution**

3. Ochi shall immediately pay restitution in the amount of twenty-seen thousand nine hundred forty-five dollars ($27.945) ("Restitution Obligation"). If the Restitution Obligation is not paid immediately, post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Judgment and shall be determined by using the Treasury Bill Rate prevailing on the date of entry of this Judgment pursuant to 28 U.S.C. § 1961.

4. To effect payment of the Restitution Obligation and the distribution of any restitution payments to Prime FX Customers, the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall receive restitution payments from Ochi and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

5. Ochi shall make Restitution Obligation payments, and any-post judgment interest payments, under this Judgment to the Monitor in the name "Ochi – Restitution Fund," and shall send such payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, und cover letter that identifies him and the name and docket number of this proceeding. Ochi shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

6. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Prime FX Customers identified by the Commission or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a de minimis nature such that the Monitor determines that the administrative cost of making distributions to Prime FX Customers is impractical, the Monitor may, in its discretion treat such restitution payments as civil

monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments set forth in Part III.B below.

7. Ochi shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify his customers to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Ochi shall execute any documents necessary to release funds that he has in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

8. The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to the customers of Ochi during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, C.S. 20581.

9. The Restitution Obligation paid by Ochi to the Monitor shall constitute full and final satisfaction of any and all claims, demands, rights, or causes of action arising out of or related to the conduct underlying this matter. By failing to refuse the receipt of payment or otherwise removing themselves from the class of Prime FX Customers, each Customer – together with their respective heirs, executors, administrators, successors, assigns, representatives, agents, and affiliates – expressly waives and releases any right to seek additional recovery civil recovery, whether at law or in equity, from Ochi or his agents, successors, and assigns, for any losses, damages, or injuries related to or arising from the subject matter of this action. Nothing herein shall be construed to create any right of action beyond the restitution provided, nor shall any further claims be permitted by or on behalf of any Customer or their legal representatives. Furthermore, this release and waiver shall remain in full forced and effect regardless of whether the Monitor, in its discretion, makes restitution payments to the customers or otherwise, and no customer, or their legal representatives, shall have any recourse or ability to pursue further claims against Ochi in connection with the restitution, or the failure or delay of

the Monitor in effectuating such payments. Nothing herein shall be construed to create any right of action beyond the restitution provided, nor shall any further claims be permitted by or on behalf of their legal representatives.

10. To the extent that any funds accrue to the U.S. Treasury for satisfaction of the Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

**B. Civil Monetary Penalty**

11. Ochi shall pay a civil monetary penalty in the amount of twenty-one thousand nine hundred fifty-eight dollars and seventy-five cents ($21,958.75) (the "Restitution and CMP Obligations"). The full amount of the Restitution and CMP Obligations shall be due and payable no later than twenty (20) years from the date of Ochi's release from incarceration. Ochi shall not be required to make monthly payments, lump sum payments, or any other scheduled payments prior to that due date, and Ochi shall not be considered in breach of any agreement or in violation of any judgment associated with this action if no payments are made prior to the due date. Post-judgment interest shall accrue beginning on the date of entry of his Judgment and shall be determined using the Treasury Bill rate prevailing on the date of entry of this Judgment pursuant to 28 U.S.C. § 1961, but such interest shall not affect the twenty (20) year period within which Ochi must satisfy the full Restitution and CMP Obligations.

12. Ochi shall pay the CMP Obligation and any post-judgment interest by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.

13. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commission and sent to the address below

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> Division of Enforcement
> 6500 S. MacArthur Blvd.
> Room 266
> Oklahoma, City, OK 73169
> Telephone: (405) 954-6569

Fax: (405) 954-1620<br>
9-AMC-AR-CFTC@faa.gov

14. If payment by electronic funds transfer is chosen, Ochi shall contact the Federal Aviation Administration at the email address above to receive payment instructions and shall fully comply with those instructions. Ochi shall accompany payment of the CMP Obligation with a cover letter that identifies the payor and the name and docket number of this proceeding. Ochi shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, DC 20581.

### IV.  MISCELLANEOUS PROVISIONS

15. Partial Satisfaction: Acceptance by the Commission of any partial payment of the Restitution Obligation or the CMP Obligation shall not be deemed a waiver of Ochi's obligation to make further payments pursuant to this Judgment, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

16. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Judgment shall be binding upon Ochi, upon any person under his authority or control, and upon any person who receive actual notice of this Judgment, by personal service, email, facsimile, or otherwise insofar as he or she is acting in active concern or participation with Ochi.

Respectfully Submitted,
Charles Ochi,
By His Attorney,

*Nicole Bluefort*

_____
Nicole Bluefort, Esq. (681265)
583 Chestnut St, Unit 9
Lynn, MA 01904
781-593-1952
Nicole@Bluefortlaw.com

Date: April 18, 2025