UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMODITY FUTURES <br>    TRADING COMMISSION, <br><br>       Plaintiff, <br><br>       vs. <br><br> Uduakobong Udo Inyangudo a/k/a Alexander Uti Bassey, Vanessa B. Okocha, Amen M. Okundaye, Charles A. Ochi, Diego I. Okeh, Daniell N. Liggins, Victor O. Edeh, and Tochukwu Edeh, <br><br>       Defendants. | Case No. 1:21-cv-11615 <br><br> ECF Case |

## FORM OF FINAL JUDGMENT
## AGAINST DEFENDANT CHARLES A. OCHI

In an Order dated March 19, 2025 ("Order"), the Court granted plaintiff Commodity Futures Trading Commission's (the "Commission") Motion for Summary Judgment against defendant Charles A. Ochi ("Ochi") and directed the Commission to submit a proposed form of final judgment consistent with the Court's rulings. In accordance with the Order, the Court now directs the Clerk of Court to enter final judgment (the "Judgment") on all claims against Ochi as follows:

### I.   JUDGMENT

1. IT IS ORDERED AND ADJUDGED that judgment is hereby entered for the Commission against Ochi on all Counts alleged in the Complaint, ECF No. 1.

## II.     **PERMANENT INJUNCTION**

2.     IT IS FURTHER ORDERED AND ADJUDGED that Ochi be permanently restrained, enjoined, and prohibited from directly or indirectly:

a. Cheating or defrauding, or attempting to cheat or defraud, or willfully deceiving or attempting to deceive, other persons in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery that is made, or to be made, for or on behalf of, or with, any other person in violation of 7 U.S.C. § 6b(a)(2)(a), (c);

b. Making or attempting to make untrue or misleading statements of material fact or omitting to state or attempting to omit material facts necessary in order to make statements made not untrue or misleading, in connection with contracts of sale of commodities in interstate commerce, in violation of 7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a)(1), (3) (2024).

c. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40));

d. Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2024)) or digital asset commodities, including Bitcoin, for Ochi's own personal account or for any account in which Ochi has a direct or indirect interest;

e. Having any commodity interests or digital asset commodities, including Bitcoin, traded on Ochi's behalf;

f. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests or digital asset commodities, including Bitcoin;

g.  Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests or digital asset commodities, including Bitcoin;

h.  Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2024); and/or,

i.  Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2024)), agent or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38)), registered, exempted from registration or required to be registered with the Commission except as provided for in 17 C.F.R. § 4.14(a)(9).

### III.   RESTITUTION AND CIVIL MONETARY PENALTY

#### A.   Restitution

3.   Ochi shall immediately pay restitution in the amount of twenty-seven thousand nine hundred forty-five dollars ($27,945) ("Restitution Obligation"). If the Restitution Obligation is not paid immediately, post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Judgment and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Judgment pursuant to 28 U.S.C. § 1961.

4.   To effect payment of the Restitution Obligation and the distribution of any restitution payments to Prime FX Customers, the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall receive restitution payments from Ochi and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in

3

performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

5.   Ochi shall make Restitution Obligation payments, and any post-judgment interest payments, under this Judgment to the Monitor in the name "Ochi – Restitution Fund," and shall send such payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, under cover letter that identifies him and the name and docket number of this proceeding. Ochi shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

6.   The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Prime FX Customers identified by the Commission or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to Prime FX Customers is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments set forth in Part III.B below.

7.   Ochi shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify his customers to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution

Obligation payments. Ochi shall execute any documents necessary to release funds that he has in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

8. The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to the customers of Ochi during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

9. The amounts payable to each Ochi customer shall not limit the ability of any customer from proving that a greater amount is owed from Ochi or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any customer that exist under state or common law.

10. To the extent that any funds accrue to the U.S. Treasury for satisfaction of the Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

**B.    Civil Monetary Penalty**

11. Ochi shall pay a civil monetary penalty in the amount of eighty-three thousand eight hundred thirty-five dollars ($83,835) (the "Restitution and CMP Obligations"). If the CMP Obligation is not paid immediately, post-judgment interest shall accrue beginning on the date of entry of this Judgment and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Judgment pursuant to 28 U.S.C. § 1961.

12. Ochi shall pay the CMP Obligation and any post-judgment interest by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.

13. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> Division of Enforcement
> 6500 S. MacArthur Blvd.
> Room 266
> Oklahoma City, OK 73169
> Telephone: (405) 954-6569
> Fax: (405) 954-1620
> 9-AMC-AR-CFTC@faa.gov

14. If payment by electronic funds transfer is chosen, Ochi shall contact the Federal Aviation Administration at the email address above to receive payment instructions and shall fully comply with those instructions. Ochi shall accompany payment of the CMP Obligation with a cover letter that identifies the payor and the name and docket number of this proceeding. Ochi shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, DC 20581.

### IV. MISCELLANEOUS PROVISIONS

15. **Partial Satisfaction**: Acceptance by the Commission of any partial payment of the Restitution Obligation or the CMP Obligation shall not be deemed a waiver of Ochi's obligation to make further payments pursuant to this Judgment, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

16. **Injunctive and Equitable Relief Provisions**: The injunctive and equitable relief provisions of this Judgment shall be binding upon Ochi, upon any person under his authority or control, and upon any person who receives actual notice of this Judgment, by personal service, email, facsimile or otherwise insofar as he or she is acting in active concert or participation with Ochi.

95. **Continuing Jurisdiction of this Court**: This Court shall retain jurisdiction of this action to ensure compliance with this Judgment and for all other purposes related to this action, including any motion by Ochi to modify, or for relief from, the terms of this Judgment.

There being no just reason for delay, the Clerk of Court is hereby instructed to enter this Judgment Against Defendant Ochi forthwith and without further notice.

**IT IS SO ORDERED.**

Dated: 4-24-25.

_____
Hon. Richard G. Stearns

Dated: 4/24/2025                    CLERK OF COURT

/s/ Jacqueline Martin
_____
*Signature of Clerk or Deputy Clerk*